UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

WILLIAM T. MARTIN,                )
                                  )
        Petitioner,               )
                                  )
v.                                )    No. 1:12-0037
                                  )    Chief Judge Haynes
                                  )
JOE EASTERLING, Warden,           )
                                  )
        Respondent.               )

MEMORANDUM

Petitioner, William T. Martin, filed this pro se action under 28 U.S.C. § 2254, seeking the writ of habeas corpus to set aside his state convictions for aggravated sexual battery and rape of a child. (Docket Entry No. 1, 13). Petitioner's amended complaint asserts the following: (1) denial of effective assistance of trial counsel for his counsel's failures to prepare adequately for trial, to communicate with Petitioner prior to trial, and to respond to Petitioner's requests regarding his entry of a guilty plea; (2) the prosecution's withholding of DNA evidence; (3) his warrantless arrest without probable cause and improper questioning by police officers and; (4) improper indictment by the Grand Jury on seven of the eight counts of the formal indictment filed against Petitioner.

Before the Court is the Respondent's motion to dismiss (Docket Entry No. 30), contending that the action is time-barred under the federal habeas corpus statute of limitations. In response, Petitioner asserts that he pursued his state actions and substantive claims that his counsel was ineffective and that the state withheld exculpatory evidence and that he was denied a fair trial (Docket Entry No. 37).

## A. Procedural History

On December 7, 2004, Petitioner pled guilty in the Circuit Court of Maury County, Tennessee, to four counts of aggravated sexual battery and four counts of rape of a child. (Docket Entry No. 31-1). Petitioner received four sentences of eight years for each aggravated sexual battery and four sentences of twenty years for each count of the rape of a child. Id. These sentences were concurrent for a total of twenty years in prison at one hundred percent. Id.

On August 3, 2005, Petitioner filed a motion to correct and/or motion for reduction of his sentence in the Circuit Court for Maury County, Tennessee under Rule 35(b) of the Tennessee Rules of Criminal Procedure and Tenn. Code Ann. § 40-35-212. (Docket Entry No. 31-2). Petitioner asserted that his sentence should have been lower because a sexual battery conviction "carries 8 to 12 years." Id. On March 14, 2006, the state court denied Petitioner's motion, concluding that the Court lacked jurisdiction because Petitioner's motion was untimely under the applicable 120 day statute of limitations. (Docket Entry No. 31-7).

On September 9, 2005, Petitioner filed a state post-conviction petition (Docket Entry No. 31-3), with the following claims: (1) that his conviction was based on an unlawfully induced guilty plea or involuntarily guilty plea without understanding of the nature and consequences of the plea, (2) that his conviction was based upon a coerced confession, (3) that prosecution failed to disclose favorable evidence to the defendant, and (4) that his conviction was based on illegal evidence. Id. at 7. On March 6, 2005, Petitioner filed an amended petition adding claims of ineffective assistance of counsel for trial counsel's failures to consult with him, to prepare adequately for trial, and to move to suppress Petitioner's confession. (Docket Entry No. 31-5). On March 7, 2006, Petitioner appeared before the state court and withdrew his petition and on March 14, 2006 the state court dismissed the

petition. (Docket Entry No. 31-8).

On May 3, 2006, Petitioner filed his second state post-conviction for DNA analysis that the Circuit Court of Maury County denied on May 19, 2006. (Docket Entry No. 31-9) (Docket Entry No. 31-10). The state court noted that Petitioner's confession was "never challenged in any court proceeding," and the details of Petitioner's confession matched the details in his victim's statement. (Docket Entry No. 31-10). On July 19, 2006, Petitioner filed a letter asking the state court to reconsider his request for post-conviction DNA analysis, (Docket Entry No. 31-11), but the Court denied this request on July 19, 2006 as untimely and meritless. (Docket Entry No. 31-2).

On February 1, 2007, Petitioner filed a habeas corpus action in this District, 1:07-00005 (Docket Entry No. 31-21), but the Court granted Petitioner's request for voluntary dismissal for Petitioner to pursue any unexhausted claims in the state courts on January 8, 2009 (Docket Entry No. 31-23).

On June 11, 2007, Petitioner filed a state habeas corpus petition in the Circuit Court of Maury County, Tennessee. (Docket Entry No. 31-13). On June 26, 2007, the state court dismissed the petition for lack of jurisdiction. (Docket Entry No. 31-14). On August 2, 2007, Petitioner filed a notice of appeal to the Tennessee Court of Criminal Appeals. (Docket Entry No. 31-15). On October, 31, 2007, the Tennessee appellate court ruled that the deadline for Petitioner's brief had expired, but granted Petitioner 15 days from its Order to file his brief, or his appeal would be dismissed. (Docket Entry No. 31-16). On November 14, 2007, the Tennessee Court of Criminal Appeals found that Petitioner failed to comply substantially with the rules, but gave the Petitioner an additional 15 more days to file an appropriate brief. Id. On January 7, 2008, the Tennessee Court of Criminal Appeals dismissed Petitioner's appeal for failure to comply with its order. Id.

On August 21, 2008, Petitioner filed a state habeas corpus petition in the Circuit Court for Hardeman County, Tennessee, challenging his guilty plea and asserting ineffective assistance of counsel (Docket Entry No. 31-17). The state court denied his petition on August 28, 2008. (Docket Entry No. 31-18). On September 9, 2008, Petitioner appealed to the Tennessee Court of Criminal Appeals and on December 17, 2008, Petitioner filed a motion for an extension to file his appellant's brief. The Tennessee Court of Criminal Appeals granted his motion and gave Petitioner until January 14, 2009, to file his brief (Docket Entry No 31-20). The Court granted Petitioner a second extension of time until June 15, 2009, to file his brief, but Petitioner failed to do. Id. On August 3, 2009, the Tennessee Court of Criminal Appeals dismissed Petitioner's appeal. Id.

Petitioner filed this action on October 4, 2011 (Docket Entry No. 1)[1] and amended his petition on January 18, 2012 (Docket Entry No. 13).

## B. Conclusions of Law

Petitioner's habeas petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA, 28 U.S.C. Section 2244(d)(1), provides that a person convicted in state court has one (1) year from the time his conviction becomes final on direct appeal to file a federal petition. In Lindh v. Murphy, 521 U.S. 320, 327-29 (1997) the Supreme Court held that the AEDPA was to be applied prospectively, i.e., beginning after April 24, 1996. Where a federal habeas action is stayed pending exhaustion of state court remedies, the federal limitations period is tolled. Palmer v. Carlton, 276

---

[1] Plaintiff's petition was mailed on October 3, 2011 (Docket Entry No. 1-2) and originally filed in the Western District on October 4, 2011 (Docket Entry No. 1, Petition at 1). The action was transferred to the Middle District of Tennessee on May 3, 2012. A habeas petition is deemed filed when mailed. Richard v. Ray, 290 F.3d. 810, 812-13 (6th Cir. 2002) (applying the mailbox rule in Houston v. Lack, 487 U.S. 266, 270 (1988)).

F.3d 777, 781 (6th Cir. 2002). Aside from the "stay and abeyance" rule, the federal limitations period can be equitably tolled under the Court's equitable jurisdiction. Souter v. Jones, 395 F.3d 577, 599-600 (6th Cir. 2005).

Under 28 U.S.C. § 2244(d)(2), "the time **during which a properly filed application for State post-conviction** or other collateral review with respect to the pertinent judgment or claim is pending **shall not be counted toward any period of limitation under this subsection**." 28 U.S.C. § 2244(d)(2) (emphasis added). "The [statutory] tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003) (quoting Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998)). "[A]n application for post-conviction relief is 'properly filed' within the meaning of § 2244(d)(2) 'when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, ... the time limits upon its delivery.'" Id. at 603 (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)).

In Vroman, the habeas petitioner asserted that his state post-conviction petition was timely under Ohio law and thus, tolled the federal statute of limitations for his federal habeas action. Id. at 602. The Sixth Circuit ruled that unless the State post-conviction proceedings effectively tolled the federal habeas limitations period, Plaintiff's federal claim was untimely because, "[t]he timeliness of an Ohio prisoner's post-conviction petition is governed by state statute." Id. at 603. As the Sixth Circuit explained:

"[F]ederal courts ... defer to a state court's judgment on issues of state law and, more

5

Case 1:12-cv-00037  Document 44  Filed 10/04/12  Page 5 of 8 PageID #: 261

particularly, on issues of state procedural law." Israfil, 276 F.3d at 771; see also Godfrey v. Beightler, 54 Fed.Appx. 431, 2002 WL 31805606, at *2 (6th Cir. Dec.10, 2002) (stating that "federal courts defer to the state court's interpretation of state filing requirements"). In Israfil, the Sixth Circuit held that "[b]ecause state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and its rules of practice." 276 F.3d at 771 (citations omitted). Therefore, the Israfil court concluded that the district court properly deferred to the Ohio state court's finding as to whether the petitioner's post-conviction motion had been submitted according to Ohio's timeliness requirements. Id. at 771-72; see also Raglin, 10 Fed.Appx. 314, 2001 WL 523530, at *1 (holding that "untimely state collateral attacks are not properly filed and do not toll the statute of limitations" and therefore concluding that the petitioner's post-conviction petition did not toll the statute of limitations because it was dismissed as untimely under Ohio law). Here, as in Israfil, the district court properly concluded that Ohio's determination of whether Vroman's post-conviction petition was properly filed governs whether such action tolls the statute of limitations under § 2244(d)(2).

Id. at 603. The Sixth Circuit emphasized that "[t]his court . . . does not function as an additional state appellate court reviewing state court decisions on state law or procedure. Federal courts are obligated to accept as valid a state court's interpretation of state law and rules of practice of that state." Vroman, 346 F.3d at 604 (citations omitted).

Here, under Tennessee law, Petitioner's original state court judgment based upon his guilty plea "became final" on January 6, 2005, thirty days after the entry of the judgment of conviction in the trial court. Tenn. R. App. P. 4(a) and (c). Thus, Petitioner was required to file his § 2254 habeas corpus petition within one year from that date, or before January 6, 2006, unless he properly filed an application for state post-conviction or other collateral state action during the interim. A "properly filed state action" would toll the one-year statute of limitations under 28 U.S.C. § 2244(d)(2).

As applied here, Plaintiff's August 3, 2005, motion to correct (Docket Entry No. 31-2) did not toll the running of the one-year statute of limitations for Petitioner's federal habeas action because the state court found that motion untimely. Thus, under Vroman, that motion was not "a

6

properly filed application for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2). By the time of Petitioner's September 9, 2005 state petition for post-conviction relief, 246 days of the one-year statute of limitation period for his federal habeas action had expired. (Docket Entry No. 31-3). Yet, the September 2005 action tolled the statute of limitations period until March 14, 2006, when the state court granted Petitioner's request to voluntarily withdraw his petition. (Docket Entry No. 31-8).

When Plaintiff filed his May 3, 2006 state petition for a DNA analysis, an additional fifty (50) days of the federal habeas statute of limitations had expired for a total of 296 days of the one-year limitation period. This May 3, 2006 petition tolled the one-year statute of limitations period, (Docket Entry No. 31-9) but the state court dismissed that petition on May 19, 2006. Thus, by June 22, 2006, the federal statute of limitations for this habeas action expired. This action was filed on October 3, 2011.

Applying Vroman, the Court concludes that the timeliness of the Petitioner's various state post-conviction actions are governed by the state courts' determinations. Without timely state post-conviction petitions, there is no tolling of the federal habeas statute of limitations. Petitioner did not file this action within one year after that his conviction became final and thus, this action is untimely under 28 U.S.C. § 2244(d).

To be sure, the federal habeas action is subject to equitable tolling, a judicial doctrine excusing the literal enforcement of the federal habeas statute of limitations. Souter, 395 F.3d at 599-60. Yet, the tolling doctrine is invoked only in "rare" and "exceptional circumstances." Id. at 597. Petitioner bears the burden of establishing that equitable tolling is appropriate, Allen v. Yukins, 366 F. 3d 396, 401 (6th Circuit 2004). Equitable tolling is only applied "sparingly," after the Petitioner

7

proves that (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. Solomon v. United States, 467 F.3d 928, 933 (6th Circuit 2006); See also Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Petitioner's status as a pro se litigant does not justify the application of equitable tolling. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999)("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.").

As applied here, Petitioner did not submit any proof to warrant the application of the equitable tolling doctrine. Petitioner's cited claims of ineffective assistance of counsel and alleged withholding of exculpatory evidence were known to Petitioner in September 2005, as reflected in his September 9, 2005 state habeas petition. Petitioner was aware of his DNA claim in his May 3, 2006 state petition that could have been pursued before the expiration of the federal habeas statute of limitations. At that time, the federal habeas limitation period had not expired. Petitioner had an opportunity to pursue those claims, but voluntarily withdrew them. Petitioner was able to file state and federal challenges and was cognizant of the importance of limitation periods for such claims.

For these reasons, the Court concludes that this action should be dismissed as untimely under the federal statute of limitations for habeas actions.

An appropriate Order is filed here within.

ENTERED this the ____ day of October, 2012.

WILLIAM J. HAYNES, JR.
Chief United States District Judge